UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM J. COOPER,

    Plaintiff,

v.                                          Case No. 1:09-cv-40
                                            Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                                            /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born on October 11, 1963 (AR 70).[1] He completed the 12th grade (AR 68). Plaintiff alleged a disability onset date of April 30, 2004 (AR 63). Plaintiff had previous employment as a factory assembler, a lift operator at a ski resort, a press operator at a factory, and a furniture delivery driver (AR 64, 89-96). Plaintiff identified his disabling condition as Type I diabetes (AR 63). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on June 18, 2008 (AR 15-21). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits

is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the second step of the evaluation. The ALJ initially found that plaintiff had not engaged in substantial gainful activity since April 30, 2004, the alleged onset date of disability (AR 17). The ALJ also found that plaintiff suffered from the following medically determinable impairments: insulin dependent Diabetes Mellitus Type I; depression and anxiety; diabetic retinopathy; sleep apnea; and obesity (AR 17). However, the ALJ found that plaintiff did not have a severe impairment, stating that he "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months" (AR 17) (citing 20 C.F.R. §§ 404.1521 and 416.921). Accordingly, the ALJ determined that plaintiff was not under a disability and entered a decision denying benefits (AR 20-21).

## III. ANALYSIS

Plaintiff has presented one argument for review:[2]

**Whether the ALJ erred in taking into consideration possible treatment and non-compliance in determining whether Mr. Bertges' [sic] impairments were "severe" at step 2 of the Social Security's 5-step sequential evaluation process for determining disability under the Social Security Act.**

The issue before the court is whether plaintiff established that he suffered from a "severe impairment" at step two of the sequential evaluation. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). Under the Social Security Act, a disability is defined as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The determination of a severe impairment at step two is used as an "administrative convenience to screen out claims that are totally groundless solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 862-63 (6th Cir. 1988).

> [I]n this Circuit the step two severity regulation codified at 20 C.F.R. §§ 404.1520(c) and 404.1521 has been construed as a *de minimis* hurdle in the disability determination process. Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.

---

[2] Plaintiff's counsel did not follow the instructions set forth in the court's order directing filing of briefs, which states that "[p]laintiff's initial brief must contain a Statement of Errors, setting forth the specific errors of fact or law upon which plaintiff seeks reversal or remand." *See* Order directing filing of briefs (docket no. 11).

*Id.* at 862. "Under this standard, the question in the present case is whether there is substantial evidence in the record supporting the ALJ's finding that [plaintiff] has only a 'slight' impairment that does not affect [his] ability to work." *Farris v. Secretary of Health and Human Services*, 773 F.2d 85, 90 (6th Cir. 1985).

Here, the ALJ determined that a claimant's medical condition presented such a "slight" impairment as to fail to reach the "*de minimis* hurdle" of a severe impairment. The ALJ relied in part on the requirements as set forth in SSR 85-28, "Titles II and XVI: Medical Impairments that are not severe," which provides in pertinent part as follows:

> The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs. Examples of these are walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. Thus, these basic work factors are inherent in making a determination that an individual does not have a severe medical impairment.

The ALJ observed that plaintiff stated in a function report from October 2005 that he walked every day and could drive a car (AR 18, 73-81). In addition, plaintiff could go to a store, mow the lawn, perform light yard work and prepare his meals (AR 18, 73-81). Plaintiff also enjoyed camping and walking his dog (AR 18, 73-81). The ALJ noted that plaintiff had been a juvenile diabetic and taken insulin since age 20 (AR 19). Plaintiff's physician reported that he had poorly controlled or erratically controlled blood sugar at various times in 2004 and 2006 (AR 19).

In October 2004, plaintiff's diabetes was under better control secondary to better eating habits, and in June 2006 plaintiff reported engaging in activities such as wood cutting and camping (AR 19). In March 2006, plaintiff was evaluated at the Boyne Rehabilitation Center (AR

6

19). At that time, plaintiff could lift and carry 50 pounds, remain seated for 30 minutes, stand continuously for one hour, perform 20 minutes of walking activities, perform 10 minutes of bending and stooping, perform all manipulative tests (i.e. fine finger tasks, light grasping tasks, firm grasping tasks, pinching tasks and reaching tasks), drive, see clearly, and hear the evaluator's voice (AR 140-41).

Plaintiff requested a new physcian in December 2006 due to his concerns with low blood sugar and the "need for disability" (AR 177). In a medical assessment from March 2008, plaintiff's physician, R. McConnell, D.O., found that plaintiff had sensory limitations (feeling, vision, hearing, speaking and balance) which were "[a]ll compromised with low blood sugar readings" (AR 226). The doctor also observed that plaintiff was "unable to walk consistently secondary to [low blood sugar]" and had "brittle diabetes" (AR 227). Dr. McConnell also noted that plaintiff's cognitive functioning was compromised due to low blood sugar levels (AR 227).[3] The doctor opined that plaintiff's low blood sugar levels made it "extremely difficult or even dangerous" for plaintiff to function in the workplace (AR 204). The ALJ refers to the fact that Dr. McConnell "noted the claimant has 'poor compliance'" with maintaining his blood sugar; however, the ALJ did not cite a record to support that statement (AR 19).

Based on this record, plaintiff has demonstrated that his Type I diabetes is a severe impairment for purposes of the step two severity determination. While the ALJ lists the factors to consider in determining the existence of a severe impairment under SSR 85-28, he does not address those factors (AR 17-18). Rather, the ALJ suggests that plaintiff does not have a severe impairment because he was not compliant with testing his blood sugar (AR 19). The ALJ's observation that

---

[3] Dr. McConnell's notes on this issue are difficult to read due to the doctor's poor handwriting.

7

plaintiff's failure to comply with prescribed medical treatment, though a valid concern, is not a sufficient reason to determine that the Type I diabetes is not a severe impairment. The Commissioner must determine whether a claimant's conditions are disabling, within the meaning of the regulations and "in the absence of treatment." *McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990). "If, without regard to treatment, [the claimant] is found to have a disabling impairment, then the [Commissioner] must determine if there is an affordable treatment available to [the claimant] that would prevent the disability from being a severe impairment under the statute and regulations." *Id. See, e.g., Strong v. Social Security Administration*, 88 Fed. Appx. 841, 846 (6th Cir. 2004) ("[t]he issue of poverty as legal justification for failure to obtain treatment does not arise unless a claimant is found to be under a disabling condition") (citing *McKnight*); *Ramsey v. Commissioner of Social Security*, No. 1:08-cv-134, 2009 WL 728563 at *7 (S.D. Ohio March 17, 2009) ("*McKnight* held that a proper sequential analysis requires the Secretary to determine if a claimant's impairments are disabling without regard to treatment"). The Commissioner attempts to distinguish *McKnight* by asserting that plaintiff's failure to monitor blood sugar and to eat an appropriate diet is not the same as failing to treat a medical condition, i.e., "[t]his case differs from *McKnight* because the ALJ did not find Plaintiff's diabetes to be remediable by costly treatments he could not afford." Defendant's Brief at 14. But such an approach places the emphasis on the nature, extent and cost of the treatment, rather than on the type of medical condition. The more appropriate way to approach this is to consider that monitoring blood sugar and eating a prescribed or recommended diet to control blood sugar is a course of treatment for a medical condition which should not be considered at step two of the sequential process, but subsequently.

8

Plaintiff has submitted objective medical evidence to establish that he suffers from a medical condition (Type I diabetes) and that his low blood sugar levels caused by that condition make it "extremely difficult or even dangerous" for plaintiff to function in the workplace (AR 204). Under these circumstances, plaintiff's Type I diabetes and his related problems arising from low blood sugar are not "totally groundless" from a medical standpoint. *Higgs*, 880 F.2d at 862-63. Plaintiff has met the "*de minimis* hurdle" posed by the severe impairment inquiry at step two of the sequential evaluation. The ALJ erred in denying plaintiff's application at step two of the sequential evaluation. Accordingly, this matter should be reversed and remanded pursuant to sentence four of § 405(g). On remand, the Commissioner should commence the sequential evaluation at step three.

## IV. Recommendation

For these reasons, I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).


Dated: January 19, 2010                     /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).