UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM J. COOPER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
    _____/

Case No. 1:09-cv-40

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's petition for attorney fees brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (docket no. 17).

**I.    Background**

The undersigned issued a Report and Recommendation ("R & R") to reverse and remand this action pursuant to sentence four of 42 U.SC. § 405(g), on the ground that the ALJ improperly denied benefits at step two of the five-step sequential evaluation procedure used to determine disability claims under the Social Security Act. *See* docket no. 15. The district judge adopted the R & R as the opinion of the court, and ordered that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). *See* docket no. 16. Plaintiff now seeks fees under the EAJA in the amount of $5,404.00.

**II.    Plaintiff's claim for fees under the EAJA**

**A.    Legal standard**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

> Eligibility for an EAJA fee award in a civil action requires:
>
> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment n the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

The Sixth Circuit has identified three conditions which must be met to recover attorney fees under the EAJA: "1) the claimant must be a prevailing party; 2) the government's position must be without substantial justification; and 3) there are no special circumstances which would warrant a denial of fees." *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *see also Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994).

Defendant's only objection raised to plaintiff's application is that the government's position was substantially justified. Under the EAJA, the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The government bears the burden under the EAJA to prove that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001). The government's position is substantially justified

2

if it is justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations and quotations omitted). Stated another way, "[t]he test for substantial justification [under the EAJA] is whether the agency had a rational ground for thinking it had a rational ground for its action." *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

### B. Discussion

#### 1. The government's position was not substantially justified

The court summarized the ALJ's error as follows:

> Plaintiff has submitted objective medical evidence to establish that he suffers from a medical condition (Type I diabetes) and that his low blood sugar levels caused by that condition make it "extremely difficult or even dangerous" for plaintiff to function in the workplace (AR 204). Under these circumstances, plaintiff's Type I diabetes and his related problems arising from low blood sugar are not "totally groundless" from a medical standpoint. [*Higgs v. Bowen*, 880 F.2d 860, 862-63 (6th Cir. 1988)]. Plaintiff has met the "*de minimis* hurdle" posed by the severe impairment inquiry at step two of the sequential evaluation. The ALJ erred in denying plaintiff's application at step two of the sequential evaluation. Accordingly, this matter should be reversed and remanded pursuant to sentence four of § 405(g). On remand, the Commissioner should commence the sequential evaluation at step three.

R & R at p. 9.

In opposition to plaintiff's application for EAJA fees, defendant points out that plaintiff was diagnosed with diabetes nearly 20 years before the decision denying benefits, that he did not complain of low blood sugar episodes until 2004, that plaintiff was "largely responsible for his blood sugar problems at that time when he refused to monitor his blood sugar or diet," and that plaintiff could still perform a number of activities (e.g., walk every day, mow the lawn, perform light

3

yard work, prepare all of his meals, camp and walk his dog) (AR 12, 19, 133, 150, 160). Defendant's Opposition at pp. 3-4 (docket no. 18). However, defendant's observations that plaintiff was not disabled by his Type I diabetes do not establish that the government's position was substantially justified in denying his claim on the basis that plaintiff lacked a severe impairment. Plaintiff clearly demonstrated that he suffered from a severe impairment of Type I diabetes, sufficient to meet the *de minimis* hurdle at step two of the sequential evaluation which is intended "to screen out totally groundless claims." *Farris v. Secretary of Health & Human Services*, 773 F.2d 85, 89 (6th Cir. 1985). Whether plaintiff was disabled by that severe impairment is a question to be addressed at steps three, four and five of the sequential evaluation. Because plaintiff met the *de minimis* hurdle at step two and presented a claim which was not "totally groundless," the Commissioner's decision denying benefits at step two did not have a reasonable basis in law and fact. Accordingly, the court concludes that the government's position was not substantially justified.

2. **Amount of fees under the EAJA**

Plaintiff seeks an attorney fee in the amount of $5,404.00, based upon an hourly rate of $165.00 per hour for 32.75 hours worked on this matter.[1] Under the EAJA, the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

---

[1] The court notes that based upon the hourly rate and time spent on this matter, the requested attorney fee is actually $5,403.75.

28 U.S.C. § 2412(d)(2)(A). Defendant does not contest the amount of hours expended, but contends that plaintiff has failed to demonstrate that he is entitled to receive attorney fees in excess of the $125.00 statutory hourly rate.

Plaintiff bears the burden of producing appropriate evidence to support an increase in fees over the statutory hourly rate. *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). In *Bryant*, the Sixth Circuit clarified that submission of the Department of Labor's consumer price index and an argument that the rate of inflation supports an increase in fees, is "not enough" to prove that counsel is entitled to an increase in the $125.00 hourly rate as set by the EAJA. *Id.* Rather, "[p]laintiffs must 'produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Id.*, quoting *Blum v. Stevenson*, 465 U.S. 886, 895 n.11 (1984). Here, plaintiff did not submit sufficient evidence to establish an increase in the $125.00 statutory hourly rate as required by *Bryant*. Accordingly, plaintiff is entitled to EAJA fees in the amount of $ 4,093.75 (i.e., 32.75 hours x $125 per hour).

### III. Plaintiff's assignment of fees to his counsel

Finally, plaintiff has submitted an affidavit in which he purports to assign "every right and interest" he may have in an award of an EAJA fee to his attorney (docket no. 20). It is not appropriate for a litigant, such as plaintiff, to assign an anticipated award of EAJA fees. Under the the EAJA, attorney fees are awarded to the plaintiff as the "prevailing party," rather than to the plaintiff's counsel. *See Bryant*, 578 F.3d at 446-49 ("we conclude that [Congress] did not intend attorney fees under the EAJA to be payable directly to the party's attorney"). Plaintiff's assignment attempts to circumvent the EAJA by directing the government to pay a fee award directly to his

5

attorney. However, plaintiff's assignment does not alter the legal framework as set forth in *Bryant*, i.e., that the court awards EAJA fees to the prevailing party, not the party's attorney. *See, e.g., Rosenstiel v. Astrue*, No. 2:08-cv-231, 2009 WL 3061996 at *2 (E.D. Ky. Sept. 22, 2009) (after determining that a Social Security claimant cannot assign EAJA award to counsel as part of the EAJA proceedings, the court noted that while the claimant's contract assigning the EAJA fee to his counsel did not alter the analysis "with respect to what is required under the applicable statute and case law," the court's order did not prevent the claimant "from subsequently assigning the proceeds to his attorney in accordance with the fee contract").

Furthermore, other courts have held that this type of assignment of an anticipated EAJA award against the federal government violates the Anti-Assignment Act, 31 U.S.C. § 3727 ("Assignments of claims"). Section 3727 broadly defines an assignment to include "any part of a claim against the United States Government or of an interest in the claim" or "the authorization to receive payment for any part of the claim." 31 U.S.C. § 3727(a)(1)-(2). The statute includes stringent requirements for such assignments:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).

Plaintiff's assignment fails to meet the requirements of § 3727(b), because it was executed before the court allowed an award against the government pursuant to the EAJA and it was not attested to by two witnesses. *See Hartage v. Astrue*, No. 4:09-cv-48 CDL-MSH, 2011 WL

1123457 at *4-5 (M.D. Ga. Feb. 15, 2011) (an assignment made prior to the award of attorney fees under the EAJA necessarily violates § 3727 because the claim against the government has not been allowed); *Dauwe v. Astrue*, No. 10-83-ART, 2011 WL 530610 at *1-2 (E.D. Ky. Feb. 8, 2011) (claimant's assignment of EAJA fees did not meet the requirements of § 3727). Accordingly, plaintiff's request for payment to be made directly to his attorney should be denied.

## IV.     Recommendation

Accordingly, I respectfully recommend that plaintiff's petition for attorney fees (docket no. 17) be **GRANTED in part** and that defendant pay plaintiff attorney fees in the amount of **$4,093.75**.


Dated: April 11, 2011                             /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).